UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 01-329 (MJD/RLE)

ORIGINAL

UNITED STATES OF AMERICA,

PLAINTIFF,

V.

REAL PROPERTY LOCATED AT 26095 220TH STREET, PAYNESVILLE, MN,

DEFENDANT.

MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT AND ORDER

The United States hereby moves to extend the time for serving the Complaint for Forfeiture in the above-captioned civil forfeiture action until January 1, 2002, based on the following:

This civil forfeiture action, brought pursuant to 21 U.S.C. § 881(a)(7) was filed on February 22, 2001. The Complaint alleged that the defendant real property was used to commit and/or to facilitate drug trafficking. Donald Kohnen is an owner of the defendant real property.

After the civil forfeiture case was filed, Kohnen was indicted on March 14, 2001, in Criminal No. 00-355 (JMR/RLE) on one count of conspiracy to distribute in excess of 500 grams of methamphetamine and five counts of distributing methamphetamine. A criminal forfeiture allegation against certain property, including Kohnen's real property, which is the defendant in this civil case, was also included in the Superseding Indictment. Title 18, United States

FILED AUG 08 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Code, Section 983(a)(3)(C), provides for parallel civil and criminal forfeiture proceedings.[1]

The government believed that the forfeiture of the defendant real property might well be resolved in the criminal proceedings before expiration of the time for service of the civil Complaint. The criminal trial date, however, was rescheduled several times but is currently scheduled for September 24, 2001. The government still believes that the forfeiture issue involving the defendant real property will in all likelihood be resolved in the criminal case.

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The government would like to reserve its right to proceed civilly against the defendant real property, if necessary. Thus, the

[1] Title 18, United States Code, Section 981(g), as amended by the Civil Asset Forfeiture Reform Act of 2000 and as incorporated at Title 21, United States Code, Section 881(i), also provides that a civil forfeiture proceeding may be stayed if the court determines that civil discovery would adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case.

government requests that the time for service of the Complaint in the above-captioned civil action be extended until January 1, 2002.

Dated: 8-02-01

Respectfully submitted,

ROBERT M. SMALL
United States Attorney

BY: LIZABETH A. MCKIBBEN
Assistant U.S. Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600

ORDER

Based on the foregoing motion and on all the files and records herein,

IT IS HEREBY ORDERED that the time for serving the Complaint for Forfeiture in the above-captioned civil forfeiture action is extended to January 1, 2002.

Dated: AUG 08 2001

RAYMOND L. ERICKSON
United States Magistrate Judge